IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NATHANIEL DEAN UNDERWOOD                                                      PLAINTIFF

vs.                              Civil No. 4:11-cv-04111

MICHAEL J. ASTRUE                                                             DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Nathaniel Dean Underwood ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 11.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff protectively filed an application for SSI on September 30, 2009 and an application for DIB on June 11, 2010. (Tr. 14, 107-114). Plaintiff alleged he was disabled due to a seizure disorder. (Tr. 140). Plaintiff alleged an onset date of August 12, 2009. (Tr. 140). These

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

applications were denied initially and again upon reconsideration. (Tr. 46-60). Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted. (Tr. 63-64).

Plaintiff's administrative hearing was held on March 31, 2011, in Texarkana, Arkansas. (Tr. 22-45). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *Id.* Plaintiff testified at this hearing. *Id.* At the time of this hearing, Plaintiff was twenty-nine (29) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 26-27).

On April 22, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 14-17). In this decision, the ALJ determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") since August 12, 2009. (Tr. 16, Finding 2). The ALJ found Plaintiff began working part time at Kellogg's on August 12, 2009. (Tr. 16). The ALJ found Plaintiff had wages from Kellogg's of $5,394.76 in 2009 and $11,474.65 in 2010. *Id.* The ALJ found these wage amounts were below SGA for both years. *Id.*

However, with no analysis, the ALJ determined there had been no continuous 12 month period during which the Plaintiff did not engage in SGA. (TR. 17, Finding 2). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of the decision. (Tr. 17, Finding 3).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On November 17, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 18, 2012. ECF No. 11. Both Parties have

filed appeal briefs. ECF Nos. 12, 13. Plaintiff filed a Reply brief. ECF No. 14. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 12, Pg. 4-10.  Specifically, Plaintiff claims the ALJ erred in finding Plaintiff engaged in SGA since August 12, 2009.  *Id.*   In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 13.

As noted above, the Social Security regulations require the ALJ to follow a sequential procedure in analyzing disability claims. At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity.  If the ALJ finds a claimant is engaged in

4

substantial gainful activity, then the claimant must be found not disabled regardless of medical condition, age, education, or work experience. *See* 20 C.F.R. § 404.1520(b). Substantial gainful activity is work that is both substantial and gainful. Substantial work activity is work that involves doing significant physical or mental activities. Gainful work activity is work activity that one does for pay or profit, whether or not a profit is realized. *See* 20 C.F.R. § 404.1572. Further, a claimant may earn a limited amount of income from work without having engaged in SGA.

Plaintiff's alleged date of disability began on August 12, 2009. (Tr. 140). On October 21, 2009, Plaintiff completed a Work Activity Report indicating he began working for Kellogg's as a merchandiser in 2008 and was currently working in that job 13.5 hours per week earning $9.75 per hour. (Tr. 130-131). Plaintiff reported he worked as a stocker for Wal-Mart from March 2007 through August 12, 2009, and in that job, he worked 40 hours a week and earned $10.55 per hour. (Tr. 131).

As mentioned previously, the ALJ found Plaintiff had wages from Kellogg's of $5,394.76 in 2009 and $11,474.65 in 2010. *Id.* Further, the ALJ found these wage amounts were **below** SGA requirements for both years. *Id.* However, with absolutely no analysis, the ALJ went on to find there had been no continuous 12 month period during which the Plaintiff did not engage in SGA. (TR. 17, Finding 2).

The ALJ has failed to provide any basis for his finding that Plaintiff engaged in SGA since the alleged onset date. The only analysis he made shows that Plaintiff's wages were below SGA levels for the years in question. I find substantial evidence does not supports the Commissioner's determination that Plaintiff engaged in substantial gainful activity and the Commissioner's final decision should be reversed.

**4. Conclusion:**

    Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED** this **15th day of November 2012.**

    /s/   Barry A. Bryant
    HON. BARRY A. BRYANT
    U.S. MAGISTRATE JUDGE